In re PHILLIPS et al.

(District Court, S. D. New York. January 16, 1900.)

1. BANKRUPTCY—OPPOSITION TO DISCHARGE—BURDEN OF PROOF.
   Creditors opposing a bankrupt's application for discharge on the ground of his having concealed property from his trustee must assume the burden of proving that the bankrupt was in the possession or control of assets of substantial value at the time the petition in bankruptcy was filed.

2. SAME—CONCEALMENT OF BOOKS.
   To sustain a specification, in opposition to a bankrupt's application for discharge, that he has concealed his books of account, it is not sufficient to show that the books disappeared at the time of his failure,—about two years before the bankruptcy act was passed,—as it cannot be inferred that there was a "contemplation of bankruptcy" at that time. Creditors must show that the bankrupt, at or about the time the petition was filed, knew or could ascertain where the books were, and so was responsible for the failure to produce them.

In Bankruptcy. Certain creditors filed specifications in opposition to the bankrupts' application for discharge on the ground that they had concealed property belonging to their estate in bankruptcy, and also on the ground of their having concealed their books of account in contemplation of bankruptcy, and with intent to conceal their true financial condition.

David Steckler, for bankrupts.
Theron G. Strong, for creditors.

BROWN, District Judge. As respects the concealment of assets, the burden of proof is evidently upon the creditors to prove an "offense committed." Notwithstanding the large disappearance of

assets, the account given of the wastefulness before failure, of the losses on sales, and the looting by creditors at the time of the failure, constitutes a story that, however disgraceful, does so far explain the losses as to make it scarcely reasonable to find the bankrupts in the possession or control of any substantial assets at the time of this petition, some three years after the failure.

It is much the same as respects the books. The failure was too long before the passage of the bankruptcy act to make reasonable the inference of any intentional concealment of the books "in contemplation of bankruptcy." To sustain this charge, it must appear that the bankrupts at or about the time of the petition knew, or might ascertain, where the old books were, and that they were, therefore, privy to the nonproduction of them. The evidence, as it stands, does not warrant such a finding. It would seem that only an examination of Cohen, the bookkeeper, if he can be found, or of the creditors who were looting the bankrupts' place of business at the time of failure, could furnish any clew to the disposition of the books. The burden of this too falls upon the creditors. If any further efforts in this direction are desired, the matter will be referred back to the referee for that purpose on application of the objecting creditors within 10 days. In default of their doing so, the discharge will be granted.